## Ex parte Hilliard J. Finch.

The granting of a writ of error to a judgment in a habeas corpus proceeding, is a matter of discretion in this court. The proceeding is *ex parte*, not requiring notice unless so directed by the court. A petition setting forth the nature of the case, accompanied by a certified copy of the record, is the proper basis for such motion.

Writ of error from the county of Madison.

Attorney-General W. A. Cocke moved to quash the writ.

*Mr. Attorney-General W. A. Cocke* for the State.

This case is brought before the Supreme Court upon a writ of error on an application for a writ of error refused by the court below.

This is a peculiar proceeding, held under an act of the Legislature of Florida. Chap. 79, page 399, of Bush.

It appears from the record that the petitioner was arrested

and brought before a justice of the peace and bound over to appear before the grand jury at the next ensuing term of the Circuit Court for Madison county.

The party appeared, and was presented by the grand jury, and process issued for his arrest. He was arrested and committed to jail; application was made to the Judge of the Circuit Court for bail, and an examination of the testimony had and bail refused. This court cannot examine into any matter going to the merits of the case, but simply whether there is any doubt as to the accused having committed murder. I refer the court to the testimony.

*Patterson* and *Pope*, and *John F. White* for Plaintiff in Error.

The mere fact that a grand jury has found an indictment for murder does not preclude an inquiry into the facts of the case to ascertain whether the offense may not be of such grade as to entitle the prisoner to bail. 38 Illinois, 494, and cases there cited (in brief) from six States.

The prisoner is entitled to bail even after an indictment for murder. *Ex parte* Bryant, 34 Ala., 270, a case similar to the one at bar; see also *ex parte* Vaughan, 44 Ala., 417, a case wherein bail was refused for want of *evidence ;* Hurd on Habeas Corpus, 438–446.

Every reasonable doubt should be given to the prisoner on application for bail, even under indictment for murder. Jones *ex parte*, 20 Ark., 9 ; see also Good *et al. ex parte*, 19 Ark. 410.

Bail at commom law ; powers of the court to grant bail ; origin of the phrase ; " proof evident or presumption strong," and construction of the same. 43 Miss, 1.

A person is entitled to bail after indictment found, when the proof is not evident nor the presumption great. 25 Texas, 519.

" A prisoner indicted for murder in the first degree may sue out a writ of *habeas corpus*, to be let to bail, and, upon

proof that he is guilty of a bailable homicide, he should be allowed to give bail." 3 Ind., 293, (Porter.)

The power of the court to bail, even after conviction, same as Court of King's Bench. 24 Ga., 391.

The power of the court to bail in all cases, even after indictment for murder, when the proof is not evident, nor the presumption great. 2 Parker C. R., (N. Y.,) 570.

Other authorities on the same point : 28 Ala., 89 ; 14 Iowa, (6 White,) 404 ; 8 Abb., (N. Y.) N. P., 27 ; 30 Miss., (1 Geo.) 673.

The Constitution of the State of Florida, in reference to bail, is similar to that of some of the States above referred to.

1. Constitution of Florida : " All persons shall be bailable by sufficient sureties, unless for capital offenses, where the proof is evident, or the presumption great."

2. Statute of Illinois : " All persons shall be bailable by sufficient sureties, unless for capital offenses, where the proof is evident, or the presumption great."

3. Constitution of Mississippi : " All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, where the proof is evident, or the presumption great."

WESTCOTT, J., delivered the opinion of the court.

Whether a writ of error shall issue from this court to bring up the record of a judgment in a case of *habeas corpus* is a matter of discretion with the court. It does not issue as a matter of course, either from the court or the clerk's office. This discretion cannot be intelligently exercised upon the mere motion of the party seeking the writ without any statement of the case which he proposes to present. A petition setting forth the nature of the case, accompanied by a certified copy of the record of the judgment, is the proper basis of a motion in this court for the writ. This motion is an *ex parte* proceeding, and unless so directed by the court, there is no necessity for notice to the adverse party. This

was the practice adopted in the case of *ex parte* Edwards, 11 Fla., 174. An examination of the papers will show that that case was presented upon petition.